IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CASE NO: 312010CA073321XXXXXX

AUTO-OWNERS INSURANCE
COMPANY

Assigned to: PAUL KANAREK

Plaintiff,

vs.

GREAT AMERICAN INSURANCE
COMPANY

Defendant.
_____/

on 6-30-10 at 2:25
Herman Mathers
Special Process Server #2
Leon County, Florida

## SUMMONS

THE STATE OF FLORIDA

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE

GREETINGS:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above styled cause upon the Defendant:

GREAT AMERICAN INSURANCE COMPANY
C/O CHIEF FINANCIAL OFFICER

Service of Process Section
P.O. Box 6200
200 E. Gaines Street
Tallahassee, FL 32314

RECEIVED IN SERVICE OF PROCESS SECTION
BY FLORIDA DEPARTMENT OF FINANCIAL SERVICES
2010 JUN 30 PM 2:49

Each Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney, whose name and address is:

[stamp, inverted: SERVED ON DEFENDANT 2010 JUL -7 AM 9:06 BY FLORIDA DEPARTMENT OF FINANCIAL SERVICES]


EXHIBIT A

Carri S. Leininger, Esquire
Williams, Leininger & Cosby, P.A.
1555 Palm Beach Lakes Blvd.
Suite 301
West Palm Beach, FL 33401
(561)615-5666 Phone
(561)615-9606 Fax

Within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of said Court on the 24 day of June, 2010.

**COPY**

_____
As Deputy Clerk

Notice to Persons with Disabilities. If you are a person with a disability who needs accommodations in order to participate in this proceeding, you are entitled at no cost to you, to the provision of certain assistance. Please contact Clerk of court's Administrative Division, 2000 16th Avenue, Vero Beach, FL 32961, (772)770-5185 within two (2) working days of your receipt of this document. If you are hearing or voice impaired, call (800)955-8771

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION IN ORDER TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT PEGGY WARD, 2000 16TH AVENUE, VERO BEACH, FL 32960, (772) 226-3183 WITHIN 2 WORKING DAYS OF YOUR RECEIPT OF THIS  Summons
IF YOU ARE HEARING IMPAIRED OR VOICE IMPAIRED, CALL 1-800-955-8771

IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT
IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CASE NO: 312010CA073321XXXXXX

AUTO-OWNERS INSURANCE
COMPANY

    Plaintiff,

vs.

GREAT AMERICAN INSURANCE
COMPANY

    Defendant.

_____/

Assigned to: PAUL KANAREK



## COMPLAINT

The PLAINTIFF, AUTO-OWNERS INSURANCE COMPANY (hereinafter referred to as "AUTO-OWNERS"), through undersigned counsel files this Complaint against Defendant, GREAT AMERICAN INSURANCE COMPANY (hereinafter "GREAT AMERICAN"), and states as follows:

### VENUE & JURISDICTION

1. This is an action for Declaratory Relief brought pursuant to §86.011 et seq., Florida Statutes.

2. At all times material hereto, AUTO-OWNERS was a foreign corporation authorized to do and doing business in Indian River County, Florida.

1

3. At all times material hereto, GREAT AMERICAN was a foreign corporation authorized to do and doing business in Indian River County, Florida.

4. The insurance policies at issue in this case were delivered to the insured, Quality Caretaking of Indian River, Inc., in Indian River County, Florida.

5. Diana Neves Viana filed suit against Sidney Mitchell Banack, Jr., and Quality Caretaking of Indian River, Inc. in Indian River County, Florida, case no.: 2008 2961 CA 10 (hereinafter referred to as "underlying suit").

6. Venue is proper in Indian River County, Florida.

### COUNT I - DECLARATORY RELIEF

7. AUTO-OWNERS adopts paragraphs 1 – 6, supra, as though fully set forth herein.

8. This claim is brought pursuant to §86.011, et seq., *Florida Statutes*.

9. This case arises out of a serious motorcycle accident that occurred on February 25, 2008. Diana Neves Viana suffered serious injuries as a result of the accident. She fled a personal injury lawsuit referenced in paragraph 5, *supra*. The case resolved pursuant to a confidential Settlement Agreement (hereinafter referred to as "Settlement Agreement")

10. The tortfeasor's vehicle was driven by Sidney Banack, Jr. and owned by Quality Caretaking.

11. The following policies provided coverage to Quality Caretaking for the subject accident:

2

a. United States Fire Insurance Company (hereinafter "U.S.Fire") provided Business Auto Coverage, policy no. 5068640313. This policy provided $1 million in liability coverage.

b. National Union Fire provided commercial umbrella policy, policy no. EBU 4497520 (attached as Exhibit A). This policy provided $5 million in liability coverage.

c. GREAT AMERICAN provided an excess liability policy, policy no. SBE 4-62-53-65-02 (attached as Exhibit B). This policy provided $10 million in liability coverage.

d. AUTO-OWNERS provided an umbrella policy, policy no. 45-162-046-00 (attached as Exhibit C). The policy provided $5 million in insurance coverage.

12. The parties in the underlying action and the above listed insurance companies attended mediation on October 6, 2009.

13. The parties entered into the Settlement Agreement at mediation whereby Diana Viana agreed to file a voluntary dismissal with prejudice in the underlying suit in consideration for a confidential amount. The Settlement Agreement contained a confidentiality clause. GREAT AMERICAN is aware of the settlement amount.

14. U.S. Fire agreed to pay DIANA VIANA a confidential sum to settle her lawsuit. GREAT AMERICAN is aware of that sum.

3

15. National Union agreed to pay the DIANA VIANA a confidential sum to settle her lawsuit. GREAT AMERICAN is aware of that sum.

16. AUTO-OWNERS agreed to pay DIANA VIANA a confidential sum to settle her lawsuit. GREAT AMERICAN is aware of that sum. In the Settlement Agreement, AUTO-OWNERS expressly reserved its right to bring an action for reimbursement.

17. GREAT AMERICAN refused to contribute to the settlement.

18. There is a good faith dispute between AUTO-OWNERS and GREAT AMERICAN as to whether GREAT AMERICAN should have contributed to the settlement on a pro rata basis with AUTO-OWNERS.

19. AUTO-OWNERS's policy contains an "Other Insurance" clause that provides:

> If other insurance covering a loss also covered by this policy is available to the insured, the insurance afforded by this policy shall be excess of such other insurance. This does not apply with respect to insurance purchased to apply excess of this policy.
> (AUTO-OWNERS policy, Exhibit C, p.5)

20. GREAT AMERICAN's policy contains an "Other Insurance" clause that provides:

> If other insurance applies to a "loss" that is also covered by this policy, this policy will apply excess of the other insurance. Nothing herein will be construed to make this policy subject to the terms, conditions and limitations of such other insurance. However, this provision will not apply if the other

4

> insurance is specifically written to be excess of this policy.
>
> Other insurance includes any type of self-insurance or other mechanism by which an insured arranges for funding of legal liabilities. (GREAT AMERICAN's policy, Exhibit B, p.5 of 5)

21. In Florida, when two or more policies contain an "other insurance" clause that makes them excess over any other coverage, than those policies are apportioned on a pro rata basis determined by the policy limits.

22. The amount paid by AUTO-OWNERS should have been paid on a pro rata basis by AUTO-OWNERS and GREAT AMERICAN.

23. GREAT AMERICAN should be required to pay AUTO-OWNERS the amount of GREAT AMERICAN's pro rata share of the settlement.

WHEREFORE, AUTO-OWNERS respectfully request this Court declare the following:

a. This Court has jurisdiction over this matter.

b. The AUTO-OWNER'S POLICY and the GREAT AMERICAN policy should be apportioned on a pro-rata basis based on policy limits for purposes of determining the amount each insurer was responsible to indemnify the insured in the underlying suit.

c. GREAT AMERICAN must pay AUTO-OWNERS the amount of GREAT AMERICAN's pro rata share, plus interest from the date of AUTO-OWNERS's payment and costs.

d.  Any other relief the Court deems necessary.

## COUNT II – EQUITABLE SUBROGATION

24. AUTO-OWNERS adopts and re-alleges paragraph 1 – 23, *supra*, as though fully set forth herein.

25. AUTO-OWNERS stepped into the shoes of the insured when it paid Diana Viana a confidential sum in order to settle the claim and obtain a release for the insured.

26. The insured would be entitled to seek reimbursement from GREAT AMERICAN for the amount of GREAT AMERICAN'S pro rata share paid to settle the underlying suit.

WHEREFORE, AUTO-OWNERS respectfully requests this Court enter judgment for AUTO-OWNERS in the amount of GREAT AMERICAN'S pro-rata share of the settlement, plus interest and costs from the date of AUTO-OWNERS's payment.

## COUNT III – CONTRIBUTION

27. AUTO-OWNERS adopts and re-alleges paragraph 1 – 23, *supra*, as though fully set forth herein.

28. AUTO-OWNERS paid a confidential amount in order to settle the claim for the insured.

6

29. AUTO-OWNERS is entitled to seek contribution from GREAT AMERICAN for GREAT AMERICAN's pro rata share of the amount paid by AUTO-OWNERS to settle the underlying suit.

## JURY TRIAL DEMAND

30. AUTO-OWNERS demands trial by jury of all issues so triable as of right by jury.

WHEREFORE, AUTO-OWNERS respectfully requests this Court enter judgment for AUTO-OWNERS in the amount of GREAT AMERICAN'S pro rata share, plus interest and costs from the date of AUTO-OWNERS's payment.

Dated: 6/10/10

CARRI S. LEININGER, ESQ.
Florida Bar No.: 0661022
Williams, Leininger & Cosby, P.A.
1555 Palm Beach Lakes Blvd.
Suite 301
West Palm Beach, FL 33401
(561)615-5666 Telephone
(561)615-9606 Facsimile
Attorneys for Defendants

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services

RECEIVED
JUL 07 2010
Great American Ins. Co.
Corp. Legal Dept.

10-39753

AUTO-OWNERS INSURANCE COMPANY

PLAINTIFF(S),

VS.

GREAT AMERICAN INSURANCE COMPANY

DEFENDANT(S).
_____/

SUMMONS, COMPLAINT, EXHIBIT

CASE #:     312010CA073321XXXXXX
COURT:      CIRCUIT COURT
COUNTY:     INDIAN RIVER
DFS-SOP#: 10-39753

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on the 30th day of June, 2010 and a copy was forwarded by Electronic Delivery on the 7th day of July, 2010 to the designated agent for the named entity as shown below.

GREAT AMERICAN INSURANCE COMPANY
EVE CUTLER ROSEN   (clegal@gaic.com)
GREAT AMERICAN INSURANCE COMPANY
580 WALNUT STREET
CINCINNATI, OH 45202

* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*
Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

CARRI S. LEININGER
SUITE 301
1555 PALM BEACH LAKES BLVD
WEST PALM BEACH FL 33401

AJ1